In the Matter of the Guardianship of LOUIS H. PATTERSON, a minor.

*(Surrogate's Court, Westchester County, Filed July, 1891.)*

GUARDIANS—BOND.

> The fact that the estate or fund has been diminished by unavoidable losses or payments of claims, furnishes no ground for reducing the penalty of the bond given by a general guardian, even though the guardian is obliged to compensate the surety in proportion to the amount of the bond.

Application to reduce amount of guardian's bond.

In October, 1887, William Patterson, of Albany, was appointed the general guardian of the above named minor. The penalty of the bond given by him, based upon the rental value of certain real estate owned by the minor in the city of Yonkers, and of his personal estate, valued at $600, was fixed at $2,100. He filed such bond with the Fidelity & Casualty Company of

the city of New York as surety. The guardian now presents a petition stating, erroneously, that the amount of the penalty of the bond is $2,500, and "that the only property which has come into the hands of your petitioner as general guardian of said Louis H. Patterson, and not paid out and accounted for, is the sum of $153.46, received by him September 13, 1889." He also alleges that the real estate has been sold by order of the Supreme Court, and his ward's share thereof deposited with the county treasurer of Westchester County to the credit of said ward, to be paid to him on his attaining the age of twenty-one years; and "the petitioner prays that upon executing a new bond with sufficient sureties in the sum of $——, he and his surety may be released and discharged from the above mentioned bond of $2,500, and that an order to that effect may be entered."

Mills & Bridge, for petitioner, cite section 2821 of the Code.

COFFIN, S.—It is not discovered that the section of the Code cited by counsel has any bearing upon the power of the surrogate to make the desired order. It simply relates to the power to *appoint* a guardian, while the prayer of the petitioner is for an order to substitute a new bond (say $400) for one of a larger amount, filed on obtaining the letters, in the first instance, by the guardian already appointed.

By sections 2597, 2598, etc., of the Code, provision is made for the increase of the penalty of the bond of an executor, administrator or guardian, but none is found relating to the reduction of the penalty. It is claimed, however, that if the court has power to increase, it has power to diminish. But the first, as is seen, is given by statute, while none is conferred as to the latter. Nor can any good reason be assigned why the amount of the penalty of a bond, based upon ascertained facts as to the value of an estate, should be reduced. The fact that the estate or fund has been diminished by unavoidable losses, by the payment of debts or legacies, or payments on account of distributive shares, or other like causes, furnishes no ground for such reduction. To the extent of such losses and payments the liability on the bond would be diminished, and there would be

no reason to ask it. Were such power, as is here asked to be exercised, assumed by this court, probably similar applications would be very frequent and numerous.

The reason for this application, it is understood, is not for the benefit of the ward, but of the guardian. He has to pay the Fidelity & Casualty Company, which is his surety, its charge for acting as such on the bond originally given. This does not concern the ward, for, as held by me in the case of Jenkins v. Shaffer, 6 Dem. 59, 19 N. Y. St. Rep. 900, the expense is personal to the guardian, and is not a proper item of charge against the ward's estate. If this be so, and the guardian is unwilling to incur the expense, he should seek relief by resigning or in such other mode as he may be advised.

The prayer of the.application is denied.